UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Stanford MENDENHALL,
Defendant-Appellant.

No. 24192.

United States Court of Appeals
Ninth Circuit.

Dec. 23, 1969.

W. Edward Morgan, Tucson, Ariz., for defendant-appellant.

Jo Ann D. Diamos, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before HAMLIN, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Appellant voluntarily and knowingly entered a guilty plea to a charge of violation of 26 U.S.C. § 4744(a). He was sentenced to two years in the custody of the Attorney General, a sentence authorized by 26 U.S.C. § 7237(a). Appellant's contention on appeal that his sentence is invalid because the trial judge made use of a sentencing report prepared by an out-of-state probation officer and which contained alleged errors is without merit. No objection was made by appellant when the out-of-state report procedure was suggested. As shown by the excerpt from the order of the trial judge denying leave to appeal *in forma pauperis*, as set out in the margin,[1] all the contentions of appellant regarding the "shortcomings" of the sentencing report were considered by the court prior to the entry of judgment. We see no error in the actions of the court, and the judgment of conviction is therefore affirmed.

---

1. "On the date of sentencing, when the court indicated that he did not consider the case a proper one for probation, counsel for the defendant requested an opportunity to study the presentence report before the court entered judgment. The request was granted and entry of judgment was continued for approximately two hours, when the matter was called again. At that time, and prior to the entry of judgment, all of the facts regarding the defendant and his background which counsel recites in his memorandum in support of his motion for leave to appeal *in forma pauperis* were brought to the attention of the court and considered by the court. * * *

"With respect to the shortcomings which defendant's counsel found in the probation report when he studied it, with leave of court, all of such shortcomings were brought to the attention of the court by counsel and were considered by the court prior to entering judgment."